UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEKEISHA SMITH, on behalf of D.R.

                        Plaintiff,

                                                1:10-CV-0053
v.                                              (GTS/VEB)

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

                        Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

EMPIRE JUSTICE CENTER                           LOUISE MARIE TARANTINO, ESQ.
  Counsel for Plaintiff
119 Washington Avenue, 2nd Floor
Albany, New York 12210

SOCIAL SECURITY ADMINISTRATION                  VERNON NORWOOD, ESQ.
OFFICE OF REGIONAL GEN. COUNSEL
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, New York 10278

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Currently before the Court in this action, filed by Nekeisha Smith on behalf of D.R.

("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant") pursuant to

42 U.S.C. § 405(g) seeking Social Security benefits, are the following: (1) Plaintiff's motion for

judgment on the pleadings (Dkt. No. 10); (2) Defendant's motion for judgment on the pleadings

(Dkt. No. 13); and (3) the Report-Recommendation of United States Magistrate Judge Victor E.

Bianchini, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the

Local Rules of Practice for this Court, recommending that the case be remanded to Defendant for

further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Dkt. No. 15).  For the reasons set forth below, Magistrate Judge Bianchini's Report-Recommendation is accepted and adopted in its entirety; Plaintiff's motion for judgment on the pleadings is denied; Defendant's motion for judgment on the pleadings is denied; and the case is remanded to Defendant for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    RELEVANT BACKGROUND

### A.    Procedural History

Because neither party has objected to Part II of Magistrate Judge Bianchini's Report-Recommendation, which sets forth the procedural background of this action, the Court adopts that description of this action's procedural background.  (*See generally* Dkt. No. 15, at 2-3 [Report-Rec].)

More specifically, on June 5, 2006, Plaintiff applied for supplemental security income ("SSI") on D.R.'s behalf based on D.R.'s symptoms of ADHD, ODD, depression, asthma and sleep disorder.  (*See* Administrative Transcript ["T."] 55-57.)[1]  The application was denied by the Social Security Administration.  (T. at 25-28.)  On February 17, 2009, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration. (T. at 327-48.)  On March 16, 2009, the ALJ issued a decision finding D.R. not disabled.  (T. at 11-22.)

---

[1]    "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'"  *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

In his decision, the ALJ applied the three-step evaluation process for determining

whether a child can meet the statutory definition of disability,[2] and concluded that D.R. was not

disabled.  (T. at 14.)   More specifically, in reaching this conclusion, the ALJ made the following

---

[2]        "The first step of the test requires a determination of whether the child has
engaged in substantial gainful activity."  *Rossi v. Commissioner of Social Sec.*, 10-CV-0097,
2010 WL 5313771, at *3 (N.D.N.Y. Dec. 2, 2010) (Baxter, M.J.) (citing 20 C.F.R. § 416.924[b];
*Kittles ex rel. Lawton v. Barnhart*, 245 F. Supp.2d 479, 487-88 [E.D.N.Y. 2003]).  "If so, then by
statute and by regulation, the child is ineligible for SSI benefits."  *Rossi*, 2010 WL 5313771, at
*3 (citing 42 U.S.C. § 1382c[a][3][C][ii]; 20 C.F.R. § 416.924[b]).  "If the claimant has not
engaged in substantial gainful activity, the second step of the test requires examination of
whether the child suffers from one or more medically determinable impairments that, either
alone or in combination, are properly regarded as 'severe,' in that they cause more than a
minimal functional limitation."  *Id*.
        "If the child if found to have a severe impairment, the Commissioner must then
determine, at the third step, whether the impairment meets or equals a presumptively disabling
condition identified in the listing of impairments set forth in 20 C.F.R. Pt. 404, Subpt. P., App.
1."  *Id*.  "Equivalence to a listing can be either medical or functional."  *Id*.  "If an impairment is
found to meet, or qualify as medically or functionally equivalent to, a listed disability, and the
twelve-month durational requirement is satisfied, the claimant will be found to be disabled."  *Id*.
"'Functional' equivalence must be examined only if it is determined that the claimant's
impairment does not meet or medically equal the criteria for a listed impairment."  *Id*. "Analysis
of functionality is informed by considering how a claimant functions in six main areas referred to
as 'domains.'"  *Id*.  "The domains are described as 'broad areas of functioning intended to
capture all of what a child can or cannot do.'"  *Id*. (quoting 20 C.F.R. § 416.926a[b][1]).  "Those
domains include: (1) acquiring and using information; (2) attending and completing tasks; (3)
interacting and relating with others; (4) moving about and manipulating objects; (5) caring for
oneself; and (6) health and physical well-being."  *Id*. (citing 20 C.F.R. § 416.926a[b][1]).
        "Functional equivalence is established by a finding of an 'extreme' limitation, meaning
'more than marked,' in a single domain."  *Id*. (quoting, *inter alia*, 20 C.F.R. § 416.926a[a]).  "An
'extreme limitation' is an impairment which 'interferes very seriously with [the claimant's]
ability to independently initiate, sustain, or complete activities.'"  *Id*. (quoting 20 C.F.R. §
416.926a[e][3][I]).
        "Alternatively, a finding of disability is warranted if a 'marked' limitation is found in any
two of the listed domains."  *Id*. (quoting 20 C.F.R. § 416.926a[a]).  "A 'marked limitation' exists
when the impairment 'interferes seriously with [the claimant's] ability to independently initiate,
sustain, or complete activities.'"  *Id*. (quoting 20 C.F.R. § 416.926a[e][2][I]). "A marked
limitation may arise when several activities or functions are impaired, or even when only one is
impaired, as long as the degree of limitation is such as to interfere seriously with the ability to
function (based upon age-appropriate expectations) independently, appropriately, effectively,
and on a sustained basis."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00(C).

findings: (1) D.R. was a school-aged child at the time of his application date and was an adolescent at the time of the decision; (2) D.R. had not engaged in substantial gainful activity at any point leading up to the decision; (3) D.R.'s ADHD, depression, and learning disability were severe impairments; (4) D.R.'s "sleep disturbances and asthma" were non-severe impairments; (5) D.R.'s impairments did not meet or medically equal a Listed impairment; (6) "the statements concerning the intensity, persistence and limiting effects of [D.R.'s] symptoms [we]re . . . not credible to the extent they [we]re inconsistent with finding [D.R.] d[id] not have an impairment or combination of impairments that functionally equal[ed] the listings . . . ."; (7) D.R.'s impairments did not functionally meet the Listings; and (8) D.R. had no limitations in the remaining three domains. (*Id*. at 14-22.)

Plaintiff appealed from the ALJ's decision to the Social Security Administration's Appeals Council. (T. at 321.) On November 19, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (T. at 3-7.) On January 14, 2010, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

Generally, in her brief in support of her Complaint, Plaintiff asserts the following arguments: (1) the ALJ erred in evaluating the medical and non-medical opinions from three sources; (2) the ALJ erred at various other points throughout the sequential evaluation; and (3) good cause exists to reopen Plaintiff's earlier application. (Dkt. No. 10.) Generally, in his brief in response to Plaintiff's brief, Defendant disagrees with each of these arguments, and argues that the Commissioner's decision should be affirmed. (Dkt. No. 13.)

### B.    Magistrate Judge Bianchini's Report-Recommendation

On January 20, 2011, Magistrate Judge Bianchini issued a Report-Recommendation recommending that Plaintiff's case be remanded to the Commissioner.  (Dkt. No. 15.)  In support of his recommendation, Magistrate Judge Bianchini found as follows: (1) the ALJ erred in evaluating the opinions of Dr. Payne, D.R.'s sixth grade teacher, and Dr. Petro, and in failing to request that Dr. Payne clarify her opinions; and (2) because the ALJ erred in his evaluation of the medical and non-medical opinions of record, the ALJ's findings throughout the sequential evaluation were necessarily flawed.  (*Id*.)

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review of Magistrate Judge Bianchini's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[3] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest

---

[3]       On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**B.**  **Standard Governing Judicial Review of Defendant's Decision**

In Part III of his Report-Recommendation, Magistrate Judge Bianchini correctly recited the legal standard governing judicial review of Defendant's decision.  (Dkt. No.16, at 3-5.)  As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**III.  ANALYSIS**

Objections to the Report-Recommendation have not been filed in this case, and the time in which to do so has expired.  As a result, the Court need review the Report-Recommendation only for clear error.

---

[4]    *See also Camardo v. Gen. Motors Hourly-Rate Empl. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

After carefully reviewing all of the papers in this action, including Magistrate Judge Bianchini's Report-Recommendation, the Court concludes that Magistrate Judge Bianchini's thorough Report-Recommendation is correct in all respects.  (Dkt. No. 15.)  Magistrate Judge Bianchini employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*Id*.)  As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.  (*Id*.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Bianchini's Report-Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that this action is **REMANDED** to Defendant for further proceedings in accordance with this Decision and Order and pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: March 23, 2011
         Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge