UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEKEISHA SMITH, on behalf of D.R.,

       Plaintiff,

v.                                                                          1:10-CV-0053
                                                                            (GTS/VEB)
MICHAEL J. ASTRUE, Comm'r of Soc.
Sec. Admin.,

       Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| EMPIRE JUSTICE CENTER<br>  Counsel for Plaintiff<br>119 Washington Avenue, 2nd Floor<br>Albany, New York 12210 | LOUISE MARIE TARANTINO, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>OFFICE OF REG'L GEN. COUNSEL<br>  Counsel for Defendant<br>26 Federal Plaza - Room 3904<br>New York, New York 10278 | VERNON NORWOOD, ESQ. |

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

    Currently before the Court, in this action for Social Security disability insurance benefits filed by Nekeisha Smith ("Plaintiff") against Social Security Administrator Michael J. Astrue ("Defendant"), is Plaintiff's motion for attorney's fees in the amount of $11,318.08 pursuant to 28 U.S.C. § 2412(d)(1)(A). (Dkt. Nos. 18, 22.) For the reasons stated below, Plaintiff's motion is granted in part and denied in part, and Plaintiff is awarded $10,998.15 in attorney's fees.

I.      **RELEVANT BACKGROUND**

     A.      **Facts and Procedural History**

Because the parties to this action have demonstrated an accurate understanding of the relevant facts and procedural history of this case, the Court will not recite that information in this Decision and Order, which is intended primarily for the review of the parties.  Rather, the Court makes reference to the parties' memoranda of law for that information.  (*See generally* Dkt. Nos. 18, 19, 20, 22, 24.)

     B.      **Parties' Briefing on Plaintiff's Motion**

Generally, Plaintiff argues that she is entitled to an award of attorney's fees under the Equal Access Judgment Act ("EAJA") because her application is timely, she prevailed in the underlying action securing a reversal of the Commissioner's final decision, the Government's position was not substantially justified, and the amount requested is reasonable.  (Dkt. No. 18 at 3-6.)  Plaintiff requests a total award of $11,318.08, reflecting 54.75 hours' worth of work, including 1.75 hours' of work in preparing and filing Plaintiff's reply.  (Dkt. No. 22 at 5.)

Generally, in response, Defendant does not oppose an award of attorney's fees pursuant to the EAJA.  (Dkt. No. 20 at 2.)  However, Defendant argues that the amount of requested fees is excessive and should be reduced.  (*Id.*)

II.     **GOVERNING LEGAL STANDARD**

The EAJA provides, in relevant part, as follows:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in a civil action, including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  To prevail in a motion for attorney's fees under the EAJA, a plaintiff must demonstrate the following: (1) her motion is timely, (2) she is the prevailing party, (3) she is eligible to receive an award, (4) an itemized statement from any attorney appearing on her behalf that illustrates the rate at which the attorney's proposed fees were computed, and (6) the position of the United States was not substantially justified.  28 U.S.C. § 2412(d)(1)(B).

The amount of an attorney-fee award under the EAJA is determined by examining the amount of time expended and the attorney's rate, which is capped by statute.  *Hogan v. Astrue*, 539 F. Supp.2d 680, 682 (W.D.N.Y. 2008).  The Court has broad discretion in determining whether the amount of time an attorney has expended is reasonable; however, the burden to prove reasonableness is on the plaintiff.  *Hogan*, 539 F. Supp.2d at 682 (citing *Aston v. Sec'y of Health and Human Svcs.*, 808 F.2d 9, 11 [2d Cir. 1986]).

In determining the appropriate amount of an award, the Court is required to rely on the specific facts of each case.  *Ferguson v. Apfel*, 98-CV-3728, 2000 WL 709018, at *2 (E.D.N.Y. Apr. 17, 2000), *accord*, *Coughlin v. Astrue*, 06-CV-0497, 2009 WL 3165744, at *2 (N.D.N.Y. Sept. 28, 2009) (Mordue, C.J.).  In addition, the Court will not compensate or penalize counsel for her expertise.  *Coughlin*, 2009 WL 3165744, at *2 (citing *Lagana v. Sec'y of Dep't of Health and Human Svcs.*, 90-CV-2638, 1992 WL 179215, at *4 [E.D.N.Y. July 13, 1992]).  Finally, when reviewing the fee application, the Court is not required to scrutinize each action taken by an attorney, or the time spent on it, when determining what is reasonable.  *Coughlin*, 2009 WL 3165744, at *2 (citing *Hogan*, 539 F. Supp.2d at 683).

**III.    ANALYSIS**

After carefully considering the parties' arguments and the applicable case law, the Court awards Plaintiff $10.998.15 in attorney's fees, which reflects 53.00 hours' worth of work.  The Court adds five brief points.

First, after reviewing all of the cases cited by the parties, the Court notes that one of the few consistent guiding principles in this area of the law is that courts retain broad discretion to award attorney's fees under the EAJA.  *See, e.g., Scott v. Astrue*, 08-CV-0910, 2011 WL 32544, at *3 (W.D.N.Y. Jan. 5, 2011) (applying "a 25% across-the-board reduction" in recognition of its "discretion [to] simply apply a reasonable percentage reduction as a practical means of trimming fat from a fee application"); *Coughlin*, 2009 WL 3165744, at *2 ("When assessing whether to award attorney's fees to a prevailing party, a court has broad discretion to determine whether the amount of time an attorney has expended is reasonable."); *Pribek v. Sec'y, Dep't of Health and Human Svcs.*, 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (exercising "its discretion to make an independent determination regarding what constitutes a reasonable EAJA fee").

Second, in arriving at this award, the Court credits neither parties' arguments as they relate to Plaintiff's counsel's experience in litigating Social Security cases because the Court is precluded from either compensating or penalizing an attorney for her expertise in litigating .  *See Coughlin*, 2009 WL 3165744, at *2 ("When deciding what amount is appropriate, the court will not compensate or penalize counsel for her expertise.").

Third, although Defendant argues that the amount of time Plaintiff's counsel spent on reviewing the administrative record (8.5 hours) and drafting Plaintiff's brief (more than 36.0 hours) was excessive (Dkt. No. 20 at 5-6), the Court exercises its discretion in declining to

scrutinize Plaintiff's counsel's record of each action taken, and the amount of time expended for each action.  *See Hogan*, 539 F. Supp.2d at 683 ("The Court is not required to 'scrutinize each action taken or the time spent on it' when determining what is reasonable.") (quoting *Aston*, 808 F.2d at 11).

Fourth, because Plaintiff's reply memorandum of law merely repeats the same arguments stated in her original memorandum of law, the Court declines to award her compensation for the time spent in drafting her reply.  (*Compare* Dkt. No. 18, Attach. 1 [Plf.'s Memo. of Law] *with* Dkt. No. 22 [Plf.'s Reply Memo. of Law].)  For example, Plaintiff's original memorandum of law argues that "[n]either this case nor any of this type of case are considered . . . 'completely routine' by [Plaintiff's counsel's] office," and that "each case presents novel facts and circumstances specific to the situation . . . ."  (Dkt. No. 18, Attach. 1 at 8.)  Using the same language in her reply memorandum of law, Plaintiff argues that "[n]either this case nor any of this type of case is considered 'routine' by [Plaintiff's counsel'] office," and that "[e]ach case presents novel facts and circumstances specific to the situation . . . ."  (Dkt. No. 22 at 2.)

Fifth, although Plaintiff's attorney requests that any award of attorney's fees be made payable to Empire Justice Center for its representation of Plaintiff  pursuant to Plaintiff's assignment of fees (Dkt. No. 18 at 2), the Supreme Court has determined that, where the EAJA awards attorney's fees to "the prevailing party," it awards the fee to the litigant, not the attorney.  *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2526-27 (2010) ("For the reasons we have explained, the statute's plain text . . . 'awards' the fees to the litigant . . . .").  For this reason, the Court instructs Defendant to make Plaintiff the payee on the check.  *See Manning v. Astrue*, 09-CV-0088, 2011 WL 684 2617, at *2 (N.D.N.Y. Dec. 29, 2011) (Scullin, J.) ("[T]his Court finds that '*Ratliff*

states explicitly that the name on the check must be plaintiff's and not her attorney's.'") (citing *Scott*, 2011 WL 32544, at *3).

However, as other courts in this Circuit have decided, Defendant is permitted to mail the check to Plaintiff's attorney in recognition of Plaintiff's agreement to assign any award for attorney's fees to counsel.  *See, e.g., Manning*, 2011 WL 6842617, at *2 ("However, as long as Plaintiff 'appears as the payee on the check, there is no reason why Defendant cannot mail that check to Plaintiff's counsel pursuant to the assignment.'") (quoting *Scott*, 2011 WL 32544, at *3) (brackets and ellipse omitted); *Guadagno v. Astrue*, 2011 WL 3902749, at *3 (W.D.N.Y. Sept. 6, 2011) ("[A]ttorney's fees awards are payable to Plaintiff . . ., however, they may be mailed to the office of Plaintiff's attorney.") (citing *Wilson v. Astrue*, 09-CV-5488, 2011 WL 1549471, at *2 [W.D.N.Y Apr. 21, 2011]).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for attorney's fees (Dkt. Nos. 18, 22) is **<u>GRANTED in part</u>** and **<u>DENIED in part</u>**; and it is further

**ORDERED** that Plaintiff is awarded attorney's fees in the amount of **$10,998.15**, and it is further

**ORDERED** that Defendant must make the award payable to Plaintiff, and Defendant is permitted to mail the award to Plaintiff's counsel.

Dated: August 24, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge